ncf1.mers       **ORIGINAL**

FILED FOR DOCKETING

Fisher And Fisher
File # 61470

DOCKETED

SEP 03 2004

04 SEP -3 AM IN THE UNITED STATES DISTRICT COURT
        CLERK FOR THE NORTHERN DISTRICT OF ILLINOIS
U.S. DISTRICT COURT     EASTERN DIVISION

| | |
|---|---|
| Mortgage Electronic Registration Systems, Inc.<br>**Plaintiff**<br>VS.<br>William I. McClain, Kathryn J. McClain,<br>United States of America<br>**Defendant** | )<br>)<br>)<br>) NO.<br>)<br>)<br>) |

**04C 5799**

**JUDGE GRADY**

This is an attempt to collect a debt and any information obtained will be   used for that purpose.

MAGISTRATE JUDGE LEVIN

## COMPLAINT FOR FORECLOSURE

Now comes Plaintiff, Mortgage Electronic Registration Systems, Inc., by its attorneys, FISHER AND FISHER, ATTORNEYS AT LAW, P.C., and, pursuant to 735 ILCS 5/15-1501 *et seq.*, alleges the following:

1. Jurisdiction of this court is based upon diversity of citizenship. Mortgage Electronic Registration Systems, Inc. " MERS" is a corporation incorporated under the laws of the STATE OF DELAWARE, having its principal place of business in the STATE OF VIRGINIA.  William I. McClain and Kathryn J. McClain are citizens in the State of Illinois. United States of America  in incorporated under the laws of the State of Illinois, having its principal place of business in Illinois. This matter in controversy, exclusive of interests and costs, exceeds the sum of $75,000.00. Jurisdiction of this Court over the United States of America is based upon 28 U.S.C. 1367. This matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Plaintiff files this complaint to foreclose the mortgage hereinafter described, and joins the following persons as defendants:

William I. McClain, Kathryn J. McClain, United States of America

3. Attached as Exhibit "A" is a copy of the note, as Exhibit "B" is a copy of the mortgage and as Exhibit "C" is a copy of the assignment(s) secured thereby.

4. Information concerning mortgage:



(A) Nature of instrument:  Mortgage

(B) Date of Mortgage:  September 22, 2000

(C) Name of Mortgagor:  William I. McClain, Kathryn J. McClain

(D) Name of Mortgagee:  Homequest Mortgage Corporation

(E) Date and place of recording: September 29, 2000, Will County Recorder of Deeds Office

(F) Identification of recording:  R2000105848

(G) Interest subject to the mortgage:  Fee Simple

(H) Amount of original indebtedness including subsequent advances made under the mortgage:  $170,604.00

(I) Legal description and the common address:
LOT 21, IN BLOCK 1, IN WILLIAMS GLEN SUBDIVISION UNIT 2, A SUBDIVISION OF PART OF THE EAST HALF OF SECTION 8, TOWNSHIP 37 NORTH, RANGE 10 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JANUARY 25, 1991 AS DOCUMENT NO. R91-3988 AND CERTIFICATE OF CORRECTION RECORDED MAY 26, 1992 AS DOCUMENT NO. R92-39399, IN WILL COUNTY, ILLINOIS.
c/k/a 10 Penny Court, Bolingbrook, IL 60440
Tax I.D.#12-02-08-426-013-0000

(J) Statement as to default now due:

1. Date of default: 03/2004.

2. Unpaid principal balance: $165,730.81.

3. Per diem interest accruing: $38.03.

(K) Name of present owners of the real estate:
William I. McClain, Kathryn J. McClain

(L) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

United States of America by reason of a Mortgage to the Secretary of Housing and Urban Development recorded April 9, 2003 as document R2003082070 made by William I. McClain and Kathryn J. McClain in the amount of $7,012.79.

(M) The following defendants, except those who have received a discharge of this debt in any chapter under the United States Bankruptcy Code, may be held personally liable for the deficiency, if any:

William I. McClain, Kathryn J. McClain

(N) Capacity in which plaintiff brings this foreclosure: Plaintiff is the holder of the mortgage and has the capacity to file suit on behalf of the beneficial owner of the note.

(O) Facts in support of request for attorneys' fees and of costs and expenses.

Plaintiff has been required to retain counsel for litigation of this foreclosure and to incur substantial attorney fees, court costs, title insurance or abstract costs and other expenses which should be added to the balance secured by said mortgage, and which are a lien upon said real estate being foreclosed, as provided in said mortgage.

5. Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (1977), Defendant(s) may dispute the validity of the debt or any portion thereof. If Defendant(s) do so in writing within thirty (30) days of receipt of this pleading, Counsel for Plaintiff will obtain and provide Defendant(s) with written verification thereof; otherwise, the debt will be assumed to be valid. Likewise, if requested within thirty days (30) days of receipt of this pleading, Counsel for Plaintiff will send Defendant(s) the name and address of the original creditor if different from above.

## REQUEST FOR RELIEF

Plaintiff, Mortgage Electronic Registration Systems, Inc., requests:

(i) A judgment to foreclose such mortgage providing for a sale by public auction

(ii) An order granting a shortened redemption period, if authorized by law.

(iii) A personal judgment for a deficiency, if authorized by law.

(iv) An order granting possession.

(v)  An order placing the mortgagee in possession or appointing a receiver if and when sought.

(vi)  A judgment for attorneys' fees, costs and expenses including but not limited to payments for taxes, insurance, securing, inspections and other expenses of the plaintiff.

(vii)  Enforcement of its assignment of rents derived from said real estate.

(viii)  Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

Plaintiff
Mortgage Electronic Registration
Systems, Inc.

By: _____
One of Plaintiff's Attorneys

**Attorneys for Plaintiff**
**FISHER AND FISHER**
**ATTORNEYS AT LAW, P.C. #3309**
**120 North LaSalle Street, Suite 2520**
**Chicago, IL  60602**
**(312) 372-4784**
**ARDC# 816108**

7010653

# NOTE
Loan Number 324861

| FHA CASE NO. |
| --- |
| 137-0604508 |

SEPTEMBER 22, 2000
[Date]

10 PENNY COURT, BOLINGBROOK, ILLINOIS 60440
[Property Address]

## 1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means
HOMEQUEST MORTGAGE CORPORATION, AN ILLINOIS CORPORATION

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of ONE HUNDRED
SEVENTY THOUSAND SIX HUNDRED FOUR AND 00/100**** Dollars
(U.S.$170,604.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal,
from the date of disbursement of the loan proceeds by Lender, at the rate of EIGHT AND 375/1000
percent ( 8.375 %) per year
until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same
date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might
result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT
### (A) Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning
on NOVEMBER 1, 2000 . Any principal and interest remaining on the first day of
OCTOBER 1, 2030 , will be due on that date, which is called the "Maturity Date."

### (B) Place
Payment shall be made at 377 E. BUTTERFIELD RD. #375, LOMBARD, ILLINOIS 60148

or at such other place as Lender may designate in writing by notice to Borrower.

### (C) Amount
Each monthly payment of principal and interest will be in the amount of U.S. $ 1,296.71 .
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal,
interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for Payment Adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the
allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part
of this Note. (Check applicable box.)

☐ Growing Equity Allonge        ☐ Graduated Payment Allonge

☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first
day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid
for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower
makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender
agrees in writing to those changes.

# EXHIBIT A



**6. BORROWER'S FAILURE TO PAY**

**(A) Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR AND 000/1000***                     percent (      4.000     %) of the overdue amount of each payment.

**(B) Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7. WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 and 2 of this Note.

_____ (Seal)
WILLIAM I MCCLAIN       -Borrower

_____ (Seal)
KATHRYN J MCCLAIN      -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

PAY TO THE ORDER OF WESTAMERICA MORTGAGE COMPANY WITHOUT RECOURSE
HOMEQUEST MORTGAGE CORPORATION, AN ILLINOIS CORPORATION

NICHOLAS LAMBRAKIS, JR
EXECUTIVE VICE PRESIDENT

WITHOUT RECOURSE, PAY TO
THE ORDER OF

WITHOUT RECOURSE PAY TO THE ORDER OF
NORTH AMERICAN MORTGAGE COMPANY
WESTAMERICA MORTGAGE COMPANY
A COLORADO CORPORATION

NORTH AMERICAN MORTGAGE COMPANY

By _____
      LIZ PAPKE, VICE PRESIDENT

JOYCE GRUDZIEN/ VP

MULTISTATE-FHA FIXED RATE NOTE (6/96)
Document Systems, Inc. (800) 649-1362       Page 2 of 2

USFHA.NTH                       ORIGINAL

409.3.2

FHA Case Number: 137-0604508703

## SUBORDINATE NOTE

Date: January 8, 2003

Property Address: 10 PENNY CT, BOLINGBROOK, IL 60440-1647

1. **PARTIES:**
   "Borrower" means each person signing at the end of this Note, and the Person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

2. **BORROWER'S PROMISE TO PAY:**
   In return for a loan received from Lender, Borrower promises to pay the principal sum of Seven Thousand Twelve Dollars and Seventy Nine Cents (US $7,012.79), to the order of the Lender.

3. **PROMISE TO PAY SECURED:**
   Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." This Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4. **MANNER OF PAYMENT:**
   A. Time:
   On October 1, 2030, or, if earlier, when the first of the following events occurs:
   - I. Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or
   - II. The maturity date of the primary Note has been accelerated, or
   - III. The primary Note and related Mortgage, Deed of Trust, or similar Security Instrument are no longer insured by the Secretary, or
   - IV. The property is not occupied by the purchaser as his or her principal residence.
   B. Place:
   Payment shall be made at the Office of the Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

5. **BORROWER'S RIGHT TO PREPAY:**
   Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

6. **WAIVERS:**
   Borrower and any other person who has obligations under this Note waive the rights to presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of the amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

7. **OBLIGATIONS OF PERSONS UNDER THIS NOTE:**
   If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any

person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay off of the amount owned under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (SEAL)
WILLIAM I MCCLAIN-Borrower

_____ (SEAL)
KATHRYN V MCCLAIN-Borrower

#47597147

R200010S848

MARY ANN STUKEL

Will County Recorder
Will County

R 2000105848    **Page 1 of 6**

SLF Date 09/29/2000   Time 11:38:48

Recording Fees:    .17.00

WHEN RECORDED MAIL TO:

HOMEQUEST MORTGAGE CORPORATION
377 E. BUTTERFIELD RD #375
LOMBARD, ILLINOIS 60148

First American Title
Order # WF74908

Loan No. 326861

# FHA MORTGAGE

STATE OF ILLINOIS

FHA CASE NO.
137 0601508

This Mortgage ("Security Instrument") is given on    **SEPTEMBER 22, 2000**
The Mortgagor is WILLIAM E MCCLAIN AND KATERYN J MCCLAIN HUSBAND AND WIFE AS
JOINT TENANTS

whose address is 10 PENNY COURT, BOLINGBROOK, ILLINOIS 60440

("Borrower") This Security Instrument is given to
HOMEQUEST MORTGAGE CORPORATION, AN ILLINOIS CORPORATION

which is organized and existing under the laws of   ILLINOIS    and whose
address is 377 E. BUTTERFIELD RD #375, LOMBARD, ILLINOIS 60148

("Lender") Borrower owes Lender the principal sum of
ONE HUNDRED SEVENTY THOUSAND SIX HUNDRED FOUR AND
00/100*************************** Dollars (U S $ 170,604 00)
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for
monthly payments with the full debt if not paid earlier, due and payable on    OCTOBER 1, 2030
This Security Instrument secures to Lender (a) the repayment of the debt evidenced by the Note with interest and all
renewals extensions and modifications (b) the payment of all other sums with interest advanced under paragraph 6 to protect
the security of this Security Instrument and (c) the performance of Borrower's covenants and agreements under this Security
Instrument and the Note For this purpose Borrower does hereby mortgage grant and convey to Lender the following
described property located in    WILL    County, Illinois
LOT 21 IN BLOCK 1 IN WILLIAMS GLEN, UNIT 2, BEING A SUBDIVISION OF
PART OF THE EAST HALF OF SECTION 8, TOWNSHIP 37 NORTH, RANGE 10, EAST
OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF
RECORDED ON JANUARY 25, 1991 AS DOCUMENT NO. R91-003988 AND
CERTIFICATE OF CORRECTION RECORDED MAY 26, 1992 AS DOCUMENT NO.
R92-29399, IN WILL COUNTY, ILLINOIS.
P.I.N.: 02 08 426-013

which has the address of 10 PENNY COURT, BOLINGBROOK
[Street] [City]
Illinois    60440    ("Property Address")
[Zip Code]

FHA ILLINOIS MORTGAGE FORM    Page 1 of 6    3/95
ITEM 6591 (9109)

ORIGINAL

**EXHIBIT B**

R2000105848

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances rents, royalties mineral, oil and gas rights and profits water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument All of the foregoing is referred to in this Security Instrument as the "Property "

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered except for encumbrances of record Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note

2. Monthly Payment of Taxes, Insurance, and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under Paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds "

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U S C § 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall deal with the excess funds as required by RESPA If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due Lender may notify the Borrower and require Borrower to make up the shortage or deficiency as permitted by RESPA

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b) and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c)

3. Application of Payments. All payments under Paragraphs 1 and 2 shall be applied by Lender as follows

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium,

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire flood and other hazard insurance premiums, as required,

THIRD, to interest due under the Note,

FOURTH, to amortization of the principal of the Note

FIFTH, to late charges due under the Note

4. Fire, Flood and Other Hazard Insurance. Borrower shall insure all improvements on the Property whether now in existence or subsequently erected, against any hazards casualties and contingencies, including fire, for which Lender requires insurance This insurance shall be maintained in the amounts and for the periods that Lender requires Borrower shall also insure all improvements on the Property whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender

In the event of loss, Borrower shall give Lender immediate notice by mail Lender may make proof of loss if not made promptly by Borrower Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first in any delinquent amounts applied in the order in Paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged property Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in Paragraph 2, or change the amount of such payments Any excess

Page 2 of 6

ORIGINAL   2

ILFHA MTG

R2000105848

insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness all right title and interest of Borrower in and to insurance policies in force shall pass to the purchaser

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy establish and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy unless the Secretary determines this requirement will cause undue hardship for Borrower or unless extenuating circumstances exist which are beyond Borrower's control Borrower shall notify Lenders of any extenuating circumstances Borrower shall not commit waste or destroy damage or substantially change the Property or allow the Property to deteriorate reasonable wear and tear excepted Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default Lender may take reasonable action to protect and preserve such vacant or abandoned Property Borrower shall also be in default if Borrower during the loan application process gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note including but not limited to representations concerning Borrower's occupancy of the Property as a principal residence If this Security Instrument is on a leasehold Borrower shall comply with the provisions of the lease If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing

**6. Charges to Borrower and Protection of Lender's Rights in the Property** Borrower shall pay all governmental or municipal charges fines and impositions that are not included in Paragraph 2 Borrower shall pay these obligations on time directly to the entity which is owed the payment If failure to pay would adversely affect Lender's interest in the Property upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments

If Borrower fails to make these payments or the payments required by Paragraph 2 or fails to perform any other covenants and agreements contained in this Security Instrument or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy for condemnation or to enforce laws or regulations) then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property including payment of taxes hazard insurance and other items mentioned in Paragraph 2

Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower and be secured by this Security Instrument These amounts shall bear interest from the date of disbursement at the Note rate and at the option of Lender shall be immediately due and payable

**7. Condemnation.** The proceeds of any award or claim for damages direct or consequential in connection with any condemnation or other taking of any part of the Property or for conveyance in place of condemnation are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument first to any delinquent amounts applied in the order provided in Paragraph 3, and then to prepayment of principal Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in Paragraph 2, or change the amount of such payments Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note shall be paid to the entity legally entitled thereto

**8. Fees.** Lender may collect fees and charges authorized by the Secretary

**9. Grounds for Acceleration of Debt.**

(a) Default. Lender may except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment or

(ii) Borrower defaults by failing for a period of thirty days, to perform any other obligations contained in this Security Instrument

(b) Sale Without Credit Approval. Lender shall, if permitted by applicable law and with the prior approval of the Secretary require immediate payment in full of all the sums secured by this Security Instrument if

(i) All or part of the Property or a beneficial interest in a trust owning all or part of the Property is sold or otherwise transferred (other than by devise or descent) by the Borrower, and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary

(c) No Waiver If circumstances occur that would permit Lender to require immediate payment in full but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events

(d) Regulations of HUD Secretary In many circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclose if not paid This

ORIGINAL 3

Description: Will,IL Document-Year.DocID 2000.105848 Page: 3 of 6
Order: 56 Comment:

R2000105848

Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note secured thereby not be eligible for insurance under the National Housing Act within        60 DAYS        from the date hereof, Lender may, at its option and notwithstanding anything in Paragraph 9, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to        60 DAYS        from the date hereof, declining to insure this Security Instrument and the Note secured thereby, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of Paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of this Security Instrument.

**16. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Page 4 of 6

ORIGINAL

R2000105848

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 16.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding, and may other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

18. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

19. Waivers of Homestead. Borrower waives all rights of homestead exemption in the Property.

Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Condominium Rider     ☐ Graduated Payment Rider     ☐ Growing Equity Rider

☐ Planned Unit Development Rider     ☐ Other [Specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 6 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witness                            Witness

_____(Seal)     _____(Seal)
WILLIAM T. MCCLAIN      -Borrower       KATHRYN J. MCCLAIN      -Borrower

_____(Seal)     _____(Seal)
                         -Borrower                                  -Borrower

_____(Seal)     _____(Seal)
                         -Borrower                                  -Borrower

R2000105848

STATE OF ILLINOIS,         WILL         County ss

I     *the undersigned*     , a Notary Public in and for said county and state,

do hereby certify that  WILLIAM I MCCLAIN & KATHRYN J MCCLAIN , *husband & wife*

personally known to me to be the same person(s) whose name(s)

subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that *they*

signed and delivered the said instrument as *their*     free and voluntary act, for the uses and purposes therein

set forth

Given under my hand and official seal, this **22** day of *Sept* 9 0

My Commission expires:

This instrument was prepared by

HOMEQUEST MORTGAGE CORPORATION A
ILLINOIS CORPORATION

Notary Public

"OFFICIAL SEAL"
HEIDI A. VENKUS
Notary Public, State of Illinois
My Commission Expires 8/16/03

R2000124740

Loan # 32486.
Prepared By
HOMEQUEST MORTGAGE
CORPORATION, A ILLINOIS
CORPORATION

WHEN RECORDED MAIL TO
WESTAMERICA MORTGAGE COMPANY
1 S 660 MIDWEST ROAD
OAKBROOK TERRACE, IL 60181
ATTN POST CLOSING DEPT.

MARY ANN STUKEL                          1P
Will County Recorder
Will County

R 2000124740            Page 1 of 1
LRK Date 11/16/2000    Time 10:29:22
Recording Fees:              18.00

———— Space Above For Recorder's Use ————

## CORPORATION ASSIGNMENT OF REAL ESTATE MORTGAGE

LOAN NO 324861

FOR VALUE RECEIVED the undersigned hereby grants, assigns and transfers to WESTAMERICA MORTGAGE COMPANY, 3605 SOUTH YOSEMITE STREET, SUITE 460 GREENWOOD VILLAGE, CO 80111 all the rights title and interest or undersigned in and to that certain Real Estate Mortgage dated SEPTEMBER 22, 2000 executed by WILLIAM E MCCLAIN AND KATHRYN J MCCLAIN HUSBAND AND WIFE AS JOINT TENANTS to HOMEQUEST MORTGAGE CORPORATION, AN ILLINOIS CORPORATION a corporation organized under the laws of the State of ILLINOIS and whose principal place of business is 377 E. BUTTERFIELD RD. #275, LOMBARD, ILLINOIS 60148      and recorded as Document No R2000105948, by the County WILL Recorder of Deeds, State of ILLINOIS                     described hereinafter as follows LOT 21 IN BLOCK 1 IN WILLIAMS GLEN, UNIT 2, BEING A SUBDIVISION OF PART OF THE EAST HALF OF SECTION 5, TOWNSHIP 37 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED ON JANUARY 25, 1991 AS DOCUMENT NO R91-003988 AND CERTIFICATE OF CORRECTION RECORDED MAY 26, 1992 AS DOCUMENT NO. R92-39399, IN WILL COUNTY, ILLINOIS.
A P.N. #: 02-05-426-013

PIN 02 05 426 013
Commonly known as 10 PENNY COURT, BOLINGBROOK, ILLINOIS 60440
Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Real Estate Mortgage

STATE OF ILLINOIS
COUNTY OF WILL

On SEPTEMBER 22, 2000      before me the undersigned a Notary Public in and for said County and State, personally appeared DAVID MOLNAR known to me to be the PRESIDENT of the corporation herein which executed the within instrument that the seal affixed to said instrument was signed and sealed on behalf of said corporation pursuant to its by laws or a resolution of its Board of Directors and that he acknowledges said instrument to be the free act and deed of said corporation

Notary Public _____
                                    County.

My commission Expires

HOMEQUEST MORTGAGE CORPORATION, AN ILLINOIS CORPORATION

By  DAVID MOLNAR
Its  PRESIDENT

Witness  NICHOLAS LAMBRAKIS, JR
EXEC V P.

OFFICIAL SEAL
LISA C GRUBESIC
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 09/07/03

CORP1:ACM                    ORIGINAL  10/1

EXHIBIT C

R2000124741

Prepared By:
When Recorded Mail To:
WESTAMERICA MORTGAGE COMPANY
1 S 660 MIDWEST ROAD
OAKBROOK TERRACE, IL 60181
ATTN: JOYCE GRUDZIEN

Loan No. 324861 #907

Commonly known as:

10 PENNY COURT
BOLINGBROOK    60440

**MARY ANN STUKEL**        1P
Will County Recorder
Will County

R 2000124741         Page 1 of 1
LRK Date 11/18/2000    Time 10:25:22
Recording Fees:            15.00

————— SPACE ABOVE THIS LINE FOR RECORDER'S USE —————

## Corporation Assignment of Real Estate Mortgage

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to
NORTH AMERICAN MORTGAGE COMPANY
3301 HUDSON LANE, MONROE, LA 71201
all the rights, title and interest of undersigned in and to that certain Real Estate Mortgage dated 09/22/2000 executed by
WILLIAM I MCCLAIN, AND
KATHRYN J MCCLAIN, HUSBAND AND WIFE AS JOINT TENANTS

to HOME QUEST MORTGAGE CORPORATION, AN ILLINOIS CORPORATION
and whose address is 377 E BUTTERFIELD RD 275, LOMBARD, IL 60148
and recorded in Book/Volume No.          .page(s)          , as Document No. R2000105848
in the          County Records, State of ILLINOIS          on real estate legally described as follows:
LOT 21 IN BLOCK 1 IN WILLIAMS GLEN, UNIT 2, BEING A SUBDIVISION
OF PART OF THE EAST HALF OF SECTION 8, TOWNSHIP 37 NORTH, RANGE
10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT
THEREOF RECORDED ON JANUARY 25, 1991 AS DOCUMENT NO R91 003988
AND CERTIFICATE OF CORRECTION RECORDED MAY 26, 1992 AS DOCUMENT
R92-39399, IN WILL COUNTY ILLINOIS    P I N # 62-58-426 013

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Real Estate Mortgage.

DATED:  09/22/2000        WESTAMERICA MORTGAGE COMPANY

JOYCE GRUDZIEN, VICE PRESIDENT        CYNTHIA JACKSON, ASST. SECRETARY

STATE OF    ILLINOIS        COUNTY OF COOK        )ss
On 09/22/2000        before me, the undersigned a Notary Public in and for the said County and State,
personally appeared    JOYCE GRUDZIEN AND CYNTHIA JACKSON
to me personally known, who, being duly sworn by me, did say that he/she is the
VICE PRESIDENT AND ASST    SECRETARY        of WestAmerica Mortgage Company,
the corporation named herein which executed the within instrument, that the seal affixed to said instrument is the
corporate seal of said corporation, that said instrument was signed and sealed on behalf of said corporation pursuant to its
by-laws or a resolution of its Board of Directors and that he/she acknowledged said instrument to be the free act and deed
of said corporation.

MARILSA SANTANA
Notary Public for the state of    ILLINOIS
My commission expires    MAY 15    2003

(Official Seal)

OFFICIAL SEAL
MARILSA SANTANA
Notary Public, State of Illinois
My Commission Expires May 15 2003

 EXHIBIT C

R2001141297

## ASSIGNMENT OF MORTGAGE
### ILLINOIS

THIS INSTRUMENT PREPARED BY:
NORTH AMERICAN MORTGAGE COMPANY
3883 AIRWAY DRIVE
SANTA ROSA, CA 95403
WHEN RECORDED RETURN TO:
NORTH AMERICAN MORTGAGE COMPANY
P.O. BOX 808005
PETALUMA, CA 94975
ATTN: PATTY LEACH - AU5006 - AMAT

7010663 - 454    A10
14033625                773
POOL #. 511788

PATTY ANN STUKEL
Will County Recorder
Will County

R 2001141297                    Page 1 of 2
WLM Date 10/19/2001    Time 08:04:54
Recording Fee:                        19.00

Above Space for Recorders Use Only

FOR VALUE RECEIVED
NORTH AMERICAN MORTGAGE COMPANY                    , A DELAWARE CORPORATION

does hereby sell, assign, transfer and set over to  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

its successors and assigns, as nominee for  HOMESIDE LENDING, INC.,                    its successors and assigns,

P.O. BOX 2026, FLINT, MICHIGAN 48501-2026,  Assignee
the mortgage dated      September 22,2000                    , from

MCCLAIN, WILLIAM I   MCCLAIN, KATHRYN J

to   HOMEQUEST MORTGAGE CORPORATION
recorded in Recorder's office of  WILL                    , in the State of Illinois, as document number
R2000105848      of Book                    Page                    , together

with all Assignor's right, title and interest in and to (a) the note, notes, accrued interest and other obligations secured
thereby and payable in accordance therewith, and (b) the real estate described therein.  The mortgage and the instrument
or instruments secured thereby are delivered herewith to Assignee.

Said mortgage is on real estate legally described as follows:

LOT 21 IN BLOCK 1 IN WILLIAMS GLEN, UNIT 2, BEING A SUBDIVISION OF PART OF THE EAST HALF OF SECTION 8,
TOWNSHIP 37 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF
RECORDED ON JANUARY 25, 1991 AS DOCUMENT NO. R91-003906 AND CERTIFICATE OF CORRECTION RECORDED MAY
26, 1992 AS DOCUMENT R92-38366, IN WILL COUNTY, ILLINOIS.

Property Address: 10 PENNY CT., BOLINGBROOK, IL 60440

Permanent Real Estate Index Number(s)  12-02-08-426-013-0000
Address(es) of Real Estate

IL-1 RSL  HSL01A                                        Page: 1

EXHIBIT C

R2001141297

7010653 - 454    A10
14033625
POOL # . 511788

IN WITNESS WHEREOF, the undersigned have executed this Assignment
June 04, 2001

(corporate seal)

Attest:                                              NORTH AMERICAN MORTGAGE COMPANY

S. FINLEY                                            BY   K. TEMPLEMAN
Its Assistant Secretary                              ITS   ASSISTANT VICE PRESIDENT

STATE OF    CALIFORNIA
COUNTY OF SONOMA

On  June 04, 2001             , before me   L. KING                              , a Notary Public,
personally appeared  K. TEMPLEMAN
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument

WITNESS my hand and official seal

Signature  L. King

                                                                            OFFICIAL SEAL  1276514
                                                                                  L. KING
                                                                            NOTARY PUBLIC  CALIF
                                                                            COUNTY OF SONOMA
                                                                            My Comm. Exp. Sept 26, 2004        (seal)

IL-1 RSL  HSL01A
MIN  100010980006918766   MERS PHONE. 1-888-679-6377                                          Page. 2



JS 44
(Rev. 07/89)

**CIVIL COVER SHEET**

61470

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

ED-7
FILED FOR DOCKETING

04 SEP -3 AM 10: 32

CLERK
U.S. DISTRICT COURT

MERS, INC.

## DEFENDANTS

WUILLIAM I. MCCLAIN, ET. AL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF FAIRFAX
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT WILL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Fisher & Fisher, Attorneys At Law, PC
120 North LaSalle, Ste. 2520
Chicago, IL 60602
312-372-4784

ATTORNEYS (IF KNOWN)

04C 5799

DOCKETED

SEP 0 3 2004

JUDGE GRADY

MAGISTRATE JUDGE

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☒ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 1 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

MORTGAGE FORECLOSURE - 28 U.S. 1332

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/ |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

Transferred from
☐ 5 another district
(specify)

☐ 6 Multidistrict
Litigation

Appeal to District
☐ 7 Judge from
Magistrate
Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** $165,730.81

Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. REMARKS
In response to ☐ is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐ is a refiling of case number _____ of Judge _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

SEP 0 3 2004

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

MERS, INC.
VS
WILLIAM I. MCCLAIN, ET. AL

FD-7
FILED FOR DOCKETING

04 SEP -3 AM 10: 32
CLERK
U.S. DISTRICT COURT



DOCKETED
SEP 0 3 2004

614

Case Number:

04C 5799

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

---

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME ELIZABETH KAPLAN MEYERS | NAME RENEE MELTZER KALMAN |
| FIRM FISHER AND FISHER | FIRM FISHER AND FISHER |
| STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 | STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP CHICAGO, IL 60602 | CITY/STATE/ZIP CHICAGO, IL 60602 |
| TELEPHONE NUMBER 312-372-4784   FAX NUMBER 312-372-4398 | TELEPHONE NUMBER 312-372-4784   FAX NUMBER 312-372-4398 |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6196562 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6198331 |
| MEMBER OF TRIAL BAR?   YES ☐   NO ☒ | MEMBER OF TRIAL BAR?   YES ☐   NO ☒ |
| TRIAL ATTORNEY?   YES ☒   NO ☐ | TRIAL ATTORNEY?   YES ☒   NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME JOSEPH M. HERBAS | NAME James R. Riegel |
| FIRM FISHER AND FISHER ATTORNEY'S AT LAW | FIRM FISHER AND FISHER |
| STREET ADDRESS 120 NORTH LASALLE STREET, SUITE 2520 | STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP CHICAGO, IL 60602 | CITY/STATE/ZIP CHICAGO, IL 60602 |
| TELEPHONE NUMBER (312)372-4784   FAX NUMBER (312)372-4398 | TELEPHONE NUMBER 312-372-4784   FAX NUMBER 312-372-4398 |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6277645 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6239016 |
| MEMBER OF TRIAL BAR?   YES ☐   NO ☒ | MEMBER OF TRIAL BAR?   YES ☐   NO ☒ |
| TRIAL ATTORNEY?   YES ☒   NO ☐ | TRIAL ATTORNEY?   YES ☒   NO ☐ |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**EASTERN DIVISION**

In the Matter of

61470

MERS, INC.
VS
WILLIAM I. MCCLAIN, ET. AL

ED-7
FILED FOR DOCKETING

04 SEP -3 AM 10: 32

CLERK
U.S. DISTRICT COURT

**04C: 5799**

JUDGE GRADY

MAGISTRATE JUDGE LEVIN

SEP 0 3 2004

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

---

## (A)

| | | | | |
|---|---|---|---|---|
| SIGNATURE | | | | |
| NAME | KENNETH H. FISHER | | | |
| FIRM | FISHER AND FISHER | | | |
| STREET ADDRESS | 120 N. LASALLE, SUITE 2520 | | | |
| CITY/STATE/ZIP | CHICAGO, IL 60602 | | | |
| TELEPHONE NUMBER | 312-372-4784 | FAX NUMBER | | |
| E-MAIL ADDRESS | | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 0817759 | | | |
| MEMBER OF TRIAL BAR? | | YES ☐ | NO ☑ | |
| TRIAL ATTORNEY? | | YES ☑ | NO ☐ | |

## (B)

| | | | | |
|---|---|---|---|---|
| SIGNATURE | | | | |
| NAME | CYNTHIA A. SUTHERIN | | | |
| FIRM | FISHER AND FISHER | | | |
| STREET ADDRESS | 120 N. LASALLE STREET, SUITE 2520 | | | |
| CITY/STATE/ZIP | CHICAGO, IL 60602 | | | |
| TELEPHONE NUMBER | 312-372-4784 | FAX NUMBER | | |
| E-MAIL ADDRESS | | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 6256989 | | | |
| MEMBER OF TRIAL BAR? | | YES ☐ | NO ☑ | |
| TRIAL ATTORNEY? | | YES ☑ | NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? | | YES ☐ | NO ☐ | |

## (C)

| | | | | |
|---|---|---|---|---|
| SIGNATURE | | | | |
| NAME | MARC D. ENGEL | | | |
| FIRM | FISHER AND FISHER | | | |
| STREET ADDRESS | 120 N. LASALLE STREET, SUITE 2520 | | | |
| CITY/STATE/ZIP | CHICAGO, IL, 60602 | | | |
| TELEPHONE NUMBER | 312-372-4784 | FAX NUMBER | | |
| E-MAIL ADDRESS | | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 6255891 | | | |
| MEMBER OF TRIAL BAR? | | YES ☐ | NO ☑ | |
| TRIAL ATTORNEY? | | YES ☑ | NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? | | YES ☐ | NO ☐ | |

## (D)

| | | | | |
|---|---|---|---|---|
| SIGNATURE | | | | |
| NAME | RANDAL SCOTT BERG | | | |
| FIRM | FISHER AND FISHER | | | |
| STREET ADDRESS | 120 N. LASALLE, SUITE 2520 | | | |
| CITY/STATE/ZIP | CHICAGO, IL 60602 | | | |
| TELEPHONE NUMBER | 312-372-4784 | FAX NUMBER | | |
| E-MAIL ADDRESS | | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 6277119 | | | |
| MEMBER OF TRIAL BAR? | | YES ☐ | NO ☑ | |
| TRIAL ATTORNEY? | | YES ☑ | NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? | | YES ☐ | NO ☐ | |